UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

NATHAN WILKINS,

     Petitioner,

v.                                                    Case No.  5:16c94/WTH/CJK

FLORIDA DEPARTMENT OF
CORRECTIONS SECRETARY,

     Respondent.
_____/

<u>ORDER</u> and
<u>REPORT AND RECOMMENDATION</u>

     Before the court is a petition for writ of habeas corpus filed under 28 U.S.C.

§ 2254 (doc. 1), with supporting memorandum and exhibits (doc. 2).  Respondent

filed an answer, providing relevant portions of the state court record (doc. 22).

Petitioner replied (doc. 25).  The matter is referred to the undersigned magistrate

judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc.

R. 72.2(B).   After careful consideration, the undersigned concludes that no

evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the

Rules Governing Section 2254 Cases in the United States District Courts.  The

undersigned further concludes that the pleadings and attachments before the court

show that petitioner is not entitled to habeas relief, and that the petition should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner was charged by second amended information filed in Bay County Circuit Court Case No. 2012-CF-1952, with traveling to meet a minor to have sex in violation of Section 847.0135(4), Florida Statutes (Count I); and computer pornography and child exploitation in violation of Section 847.0135(3), Florida Statutes (Count II).  (Doc. 22, Ex. B).[1]  Petitioner's maximum possible sentence on the charges was 20 years in prison (15 years for Count I and 5 years for Count II).  *See* Fla. Stat. § 775.082(3)(d) and (e).  The charges arose from these facts, as recited in the Affidavit-Complaint.  (Ex. A).

In the summer of 2012, the Bay County Sheriff's Office (BCSO) and other law enforcement agencies conducted a joint operation focused on Internet Crimes Against Children (ICAC).  Pensacola Police Officer Jeff Brown placed an ad on the internet posing as a father needing help with his daughter regarding a delicate situation.    Petitioner   responded   to   that   ad   using   the   email   address

---

[1]All references to exhibits are to those provided at Doc. 22.  When a page of an exhibit bears more than one page number, the court cites the number appearing at the bottom center of the page.

NWilkins15@gmailcom.  Petitioner was notified by email that the subject girl was 11 years old.  Petitioner responded by email that he would be willing to guide the 11-year old girl into adulthood and help her lose her virginity.  Petitioner cautioned that there could be blood when he broke her hymen.  Petitioner then traveled from his home in Georgia to Florida, for the sole purpose of having sex with the 11-year old.  Along the way, petitioner stopped at a gas station and purchased a Slurpee for the girl, a request made by the undercover investigator posing as the 11-year old girl.  Petitioner was taken into custody when he arrived at the front door where the ICAC operation was based.  Petitioner admitted to BCSO Sergeant Jencks that he intended to have sex with the 11-year old girl.  Petitioner also stated he did not plan on using protection.  (Ex. A).

Petitioner, through counsel, filed a motion to suppress his post-arrest statements to law enforcement on the ground that they were obtained by an invalid waiver of his *Miranda* rights.[2]  (Ex. C).  A hearing on petitioner's motion to suppress was set for June 13, 2013.  (Ex. D).  On that date, the State filed a response (Ex. E), but at the commencement of the hearing, petitioner, through counsel, announced his intent to waive the motion to suppress and enter an open plea of no contest to the

---

[2] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

court.  (Ex. G).  The court conducted an extensive plea colloquy during which petitioner stated under oath that he understood the rights he was waiving by entering the plea (including the right to any judicial review of the motion to suppress, the right to a jury trial, the right to call witnesses on his behalf, the right to cross-examine State's witnesses and the right to require the State to prove its case beyond a reasonable doubt); that he understood the terms of the plea; and that he was entering the plea knowingly and voluntarily.  (Ex. G).  The trial court reviewed the Affidavit-Complaint and charging information, and found a factual basis for the plea.  The court accepted petitioner's plea, adjudicated him guilty, designated him a sexual offender and sentenced him to 48 months in prison followed by 10 years on sex offender probation for Count I, and a concurrent term of 48 months in prison for Count II.  (Ex. G (plea colloquy); Ex. H (sentencing hearing); Ex. I (judgment and sentence); Ex. J (order of sexual offender designation)).  Judgment was rendered September 12, 2013.  (Ex. I).  Petitioner did not move to withdraw his plea or directly appeal the judgment.

On April 23, 2014, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, (Ex. K), which he later amended (Ex. M).  The state circuit court summarily denied relief on September 24, 2014,

without evidentiary hearing.  (Ex. N).  The First DCA affirmed per curiam without opinion.  *Wilkins v. State*, 1D14-4879, 156 So. 3d 1085 (Fla. 1st DCA Jan. 9, 2015) (Table) (copy at Ex. O).  The mandate issued February 4, 2015.  (Ex. O).[3]

On February 27, 2015, petitioner filed a *pro se* petition for writ of habeas corpus in the state circuit court.  (Ex. R).  The circuit court summarily denied relief without evidentiary hearing on March 16, 2015.  (Ex. S).  Petitioner did not appeal.

On June 22, 2015, petitioner filed a second *pro se* Rule 3.850 motion, (Ex. T), which he later amended (Ex. U).  The state circuit court summarily dismissed the motion as an impermissible successive motion in violation of Fla. R. Crim. P. 3.850(h)(2).  (Ex. V).  Petitioner appealed (Exs. W, X) and, in his appellate case, filed a "Motion for Declaratory Judgement [sic]".  (Ex. Y).  The First DCA denied the motion (Ex. Y) and, on December 29, 2015, affirmed per curiam without opinion the circuit court's dismissal of petitioner's second Rule 3.850 motion.  *Wilkins v. State*, No. 1D15-3535, 184 So. 3d 525 (Fla. 1st DCA Dec. 29, 2015) (Table) (copy at Ex. Z).  The mandate issued March 1, 2016.  (Ex. Z).

---

[3] While petitioner's Rule 3.850 proceeding was pending, on November 19, 2014, petitioner filed a *pro se* petition for writ of habeas corpus in the First DCA seeking a belated direct appeal.  (Ex. P).  On January 20, 2015, the First DCA per curiam denied the petition "on the merits" without explanation.  *Wilkins v. State*, No. 1D14-5556, 156 So. 3d 1085 (Fla. 1st DCA Jan. 20, 2015) (Table) (copy at Ex. Q).

On February 29, 2016, petitioner filed a *pro se* motion for modification of probation. (Ex. BB). On April 26, 2016, the state circuit court summarily denied relief with the provision that "the Defendant's request to have his probation transferred to another State will be considered by the Court once the Defendant completes the incarcerative portion of his sentence." (Ex. DD).

Petitioner filed his federal habeas petition on March 17, 2016, raising four grounds for relief. (Doc. 1).[4] Respondent asserts that each claim fails for one or more of the following reasons: (1) the claim is waived by petitioner's plea; (2) the claim is procedurally defaulted; (3) the claim is without merit. (Doc. 22).

## RELEVANT LEGAL PRINCIPLES

<u>Exhaustion and Procedural Default</u>

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S.

---

[4] Petitioner was released from the incarceration portion of his sentence on September 22, 2016, and began serving his term of probation. (*See* Doc. 20; *see also* www.dc.state.fl.us/offenderSearch).

270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78.  A claim that was not presented to the state court and can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.,* procedurally barred from federal review.  *See Boerckel*, 526 U.S. at 839-40, 848; *Hittson v. GDCP Warden*, 759 F.3d 1210, 1260 n.56 (11th Cir. 2014) ("Where a return to state court would be futile – because the petitioner's claims would clearly be barred by state procedural rules – a federal court can 'forego the needless judicial ping-pong' and treat unexhausted claims as procedurally defaulted." (*quoting Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998))).

A claim is also considered procedurally defaulted if it was presented to the state court but rejected on the independent and adequate state ground of procedural bar or default.  *See Maples v. Thomas*, 565 U.S. 266, 280, 132 S. Ct. 912, 181 L. Ed. 2d 807 (2012) ("As a rule, a state prisoner's habeas claims may not be entertained by a federal court when (1) a state court [has] declined to address [those] claims because the prisoner had failed to meet a state procedural requirement, and (2) the

state judgment rests on independent and adequate state procedural grounds."
(alterations in original) (internal quotation marks and citations omitted)); *Caniff v.
Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be
procedurally defaulted under state law cannot be addressed by federal courts."). The
adequacy of a state procedural bar to the assertion of a federal question is itself a
federal question. *See Lee v. Kemna*, 534 U.S. 362, 375, 122 S. Ct. 877, 151 L. Ed.
2d 820 (2002). The adequacy requirement has been interpreted to mean that the state
rule must be "firmly established and regularly followed," *Siebert v. Allen*, 455 F.3d
1269, 1271 (11th Cir. 2006), that is, not applied in an "arbitrary or unprecedented
fashion," *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001), or in a manifestly
unfair manner. *Ford v. Georgia*, 498 U.S. 411, 424-25, 111 S. Ct. 850, 112 L. Ed.
2d 935 (1991); *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).

A petitioner seeking to overcome a procedural default must "demonstrate
cause for the default and actual prejudice as a result of the alleged violation of federal
law, or demonstrate that failure to consider the claims will result in a fundamental
miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546,
115 L. Ed. 2d 640 (1991). "For cause to exist, an external impediment, whether it
be governmental interference or the reasonable unavailability of the factual basis for

the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*citing Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). "To establish 'prejudice,' a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). The *Schlup* standard is very difficult to meet:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

513 U.S. at 327. "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Id.*

Section 2254 Standard of Review

Federal courts are precluded from granting a habeas petition on a claim that was adjudicated on the merits in state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court's factual determinations are presumed correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[5] Justice O'Connor described the appropriate test:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct

---

[5]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

> governing legal principle from this Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Under the *Williams* framework, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. *See Thaler v. Haynes*, 559 U.S. 43, 47, 130 S. Ct. 1171, 175 L. Ed. 2d 1003 (2010); *Woods v. Donald*, 575 U.S. —, —, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) ("We have explained that clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." (internal quotation marks and citation omitted)).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law. The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent. Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases.

*See Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."). Where there is no Supreme Court precedent on point, the state court's conclusion cannot be contrary to clearly established federal law. *See Woods*, 135 S. Ct. at 1377 (holding, as to claim that counsel was *per se* ineffective in being absent from the courtroom for ten minutes during testimony concerning other defendants: "Because none of our cases confront the specific question presented by this case, the state court's decision could not be contrary to any holding from this Court." (internal quotation marks and citation omitted)). If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim. *See Panetti v. Quarterman*, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the "contrary to" clause is not satisfied, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s)

was "objectively unreasonable" in light of the record before the state court.  *See*

*Williams*, 529 U.S. at 409; *Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736,

159 L. Ed. 2d 683 (2004).  The Supreme Court described the "unreasonable

application" standard this way:

> When reviewing state criminal convictions on collateral review, federal
> judges are required to afford state courts due respect by overturning
> their decisions only when there could be no reasonable dispute that they
> were wrong.  Federal habeas review thus exists as "a guard against
> extreme malfunctions in the state criminal justice systems, not a
> substitute for ordinary error correction through appeal."  *Harrington,*
> *supra*, at 102-103, 131 S. Ct. 770 (internal quotation marks omitted).

*Woods*, 135 S. Ct. at 1376 (*quoting Harrington v. Richter*, 562 U.S. 86, 131 S. Ct.

770, 178 L. Ed. 2d 624 (2011)).  The § 2254(d) standard "is difficult to meet . . .

because it was meant to be."  *Richter*, 562 U.S. at 102.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on

the merits in state court where that adjudication "resulted in a decision that was based

on an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding."  28 U.S.C. § 2254(d)(2).  The "unreasonable

determination of the facts" standard is implicated only to the extent the validity of

the state court's ultimate conclusion is premised on unreasonable fact finding.  *See*

*Gill v. Mecusker*, 633 F.3d 1272, 1292 (11th Cir. 2011).  As with the "unreasonable

application" clause, the federal court applies an objective test. *See Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding."). Federal courts "may not characterize . . . state-court factual determinations as unreasonable merely because we would have reached a different conclusion in the first instance." *Brumfield v. Cain*, 576 U.S. —, —, 135 S. Ct. 2269, 2277, 192 L. Ed. 2d 356 (2015) (quotation marks omitted).

Only if the federal habeas court finds that the petitioner satisfied AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti*, 551 U.S. at 954. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

<u>Federal Law Governing Challenges to Guilty and No Contest Pleas</u>

The standard for determining the validity of a guilty or no contest plea is "whether the plea represents a voluntary intelligent choice among the alternative courses open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 36-37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242, 89

S. Ct. 1709, 23 L. Ed. 2d 274 (1969). "Once a plea of guilty [or no contest] has been entered, nonjurisdictional challenges to the conviction's constitutionality are waived, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Scott v. Wainwright*, 698 F.2d 427, 429 (11th Cir. 1983); *Lefkowitz v. Newsome*, 420 U.S. 283, 288, 95 S. Ct. 886, 43 L. Ed. 2d 196 (1975) ("[T]he general rule is that a guilty plea, intelligently and voluntarily made, bars the later assertion of constitutional challenges to the pretrial proceedings.").

This waiver includes claims of ineffective assistance of counsel "except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *McMann v. Richardson*, 397 U.S. 759, 770-71, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970) (holding that the assistance of counsel received by a defendant is relevant to the question of whether the defendant's guilty plea was knowing and intelligent insofar as it affects the defendant's knowledge and understanding); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (holding that by pleading guilty, defendant waived ineffective assistance of counsel claim involving pre-plea issues, where claim was not about defendant's decision to plead guilty). The Supreme Court elaborated in *Tollett v. Henderson*, 411 U.S. 258, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973):

> [A] guilty plea represents a break in the chain of events which has
> preceded it in the criminal process.  When a criminal defendant has
> solemnly admitted in open court that he is in fact guilty of the offense
> with which he is charged, he may not thereafter raise independent
> claims relating to the deprivation of constitutional rights that occurred
> prior to the entry of the guilty plea.  He may only attack the voluntary
> and intelligent character of the guilty plea by showing that the advice
> he received from counsel was not within the standards set forth in
> *McMann*.

*Id.*, 411 U.S. at 267.

The advantages of entering a plea may only be secured "if dispositions by guilty plea are accorded a great measure of finality."  *Blackledge v. Allison*, 431 U.S. 63, 71, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977).  Recognizing that a prisoner more often than not "has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea", courts accord great deference to a defendant's statements during a plea colloquy and are reluctant to allow a defendant to go behind his own sworn testimony.  *Id.*, 431 U.S. at 71.

> [T]he representations of the defendant, his lawyer, and the prosecutor
> at such a hearing, as well as any findings made by the judge accepting
> the plea, constitute a formidable barrier in any subsequent collateral
> proceedings.  Solemn declarations in open court carry a strong
> presumption of verity.  The subsequent presentation of conclusory
> allegations unsupported by specifics is subject to summary dismissal,
> as are contentions that in the face of the record are wholly incredible.

*Id.* at 73-74 (citations omitted).  "The plea process brings to the criminal justice system a stability and a certainty that must not be undermined by the prospect of collateral challenges in cases not only where witnesses and evidence have disappeared, but also in cases where witnesses and evidence were not presented in the first place."  *Premo v. Moore*, 562 U.S. 115, 132, 131 S. Ct. 733, 178 L. Ed. 2d 649 (2011).

## DISCUSSION

Ground One          "Plaintiff was convicted under Florida Statute 847.0135. Plaintiff holds this statute is unconstitutional due to violation of Interstate Commerce Clause, overbr[e]adth, and general vagueness.  Conviction under unconstitutional statute violate[s] due process rights."  (Doc. 1, p. 5).

Petitioner challenges the constitutionality of Section 847.0135, Florida Statutes.  Petitioner states he exhausted this claim by raising it on direct appeal, in his first Rule 3.850 motion, in his state habeas petition, and in his motion for declaratory judgment.  (Doc. 1, pp. 5-6).  Respondent asserts the claim is procedurally defaulted because petitioner did not file a direct appeal, and when he attempted to raise the issue by collateral challenge the state court rejected the claim on the independent and adequate state procedural ground that it was a direct appeal

issue not cognizable in a postconviction proceeding.    (Doc. 22, pp. 18-24). Respondent is correct.

Petitioner did not exhaust this claim through direct review, because he did not file a direct appeal and was unsuccessful in obtaining a belated direct appeal.  (Exs. P, Q).  Petitioner presented a similar claim in his first Rule 3.850 proceeding as "Ground A".  (Ex. M, pp. 19-23).  The state circuit court summarily denied relief as follows:

> Ground A of defendant's amended motion is a restatement of Ground A of his original motion.  In Ground A, Defendant claims lack of jurisdiction because the statute language is unconstitutional and violates the commerce clause and federal jurisdiction, that his internet offenses occurred while he was in Georgia and the victim was in Florida, that he traveled between states for his other offense, and transit between states was interstate commerce which is a matter of federal jurisdiction.    However,    claims    of    trial    court    error    and unconstitutionality of a statute are direct appeal issues and may not be raised in a motion for postconviction relief.  *Hall v. State*, 742 So. 2d 225 (Fla. 1999).  Further, Defendant's claim that the court lacked jurisdiction because of the interstate nature of his actions is without merit.  *State v. Ruiz*, 909 So. 2d 986 (Fla. 5th DCA 2005).  Accordingly, Ground A is denied.

(Ex. N, p. 50).  The First DCA summarily affirmed.  (Ex. O).

Undeterred, petitioner then tried to raise a similar, but not identical issue in his state habeas petition as "Ground Two".  (Ex. R).  The state circuit court summarily denied relief as follows:

In the instant Petition, the Petitioner asserts three grounds.  First, he argues that his due process rights were violated because the "solicitation" originated in the State of Georgia, and there was no victim in the State of Florida.  According to him, "no crime was committed in Florida," and Georgia "had the only authority to file charges."  Second, he urges that the "only authority" with "jurisdiction to prosecute" him was the United States government, because the "State of Florida may not regulate interstate use of the Internet."  He asserts that he was not "properly charged under a federal statute" that addresses these types of offenses, which according to him, "fall under the purview of the interstate commerce clause."  In this connection, he also asserts that "absent the use of [a] federal statute, the "only government agency that had authority to charge [him] was the State of Georgia."  In his third ground, he argues that his convictions should not stand because they were the product of entrapment.  For support, he alleges that the State effectively "created a crime by posting the original advertisement on Craigslist."

The Court concludes that the Petitioner is not entitled to a writ of habeas corpus.  It is well-settled that habeas is not available to obtain a second appeal or to relitigate issues that could have been or were raised in a Rule 3.850 motion.FN1  *Baker v. State*, 878 so. 2d 1236 (Fla. 2004); *Zuluaga v. State, Dept. of Corrections*, 32 So. 3d 674 (Fla. 1st DCA 2010).  The claims that the Petitioner presently raises in the instant Petition are plainly ones that could or should have been raised on appeal or in a Rule 3.850 motion. . . .

> FN1  Habeas corpus is available in limited circumstances if the petitioner is not authorized to seek relief under Rule 3.850, such as when a person challenges pretrial detention or other detention for which Rule 3.850 relief is not available.  *See Buss v. Reichman*, 53 So. 3d 339, 344 (Fla. 4th DCA 2011), *review denied*, 77 So. 3d 1255 (Fla. 2011).  However, such circumstances are not present in the instant case.

(Ex. S, pp. 1-2).  Petitioner did not appeal the circuit court's ruling.

Assuming to petitioner's benefit (without deciding) that his first Rule 3.850 motion presented the same claim he now asserts, petitioner's claim is procedurally defaulted.  The final state court adjudication on petitioner's claim was the First DCA's summary affirmance.  "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.  The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely."  *Richter*, 562 U.S. at 99-100 (*citing Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S. Ct. 2590, 115 L. Ed. 2d 706 (1991)).  The *Richter* Court's reference to *Ylst*, was to this portion of the opinion:

> Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.  If an earlier opinion "fairly appear[s] to rest primarily upon federal law," *Coleman*, 501 U.S., at 740, 111 S. Ct., at 2559, we will presume that no procedural default has been invoked by a subsequent unexplained order that leaves the judgment or its consequences in place.  Similarly where, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.

*Ylst*, 501 U.S. at 803 (emphasis added).

Respondent has satisfied the *Richter* bar by demonstrating that Florida law and the circumstances of this case make it likely, if not certain, that the First DCA rejected petitioner's claim on the independent and adequate state procedural ground imposed by the lower court – the claim was not cognizable in a Rule 3.850 proceeding because it was a direct appeal issue. *See* Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."); *See also Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009) ("Florida law bars claims in a state post-conviction proceeding that could have been raised on direct appeal."); *Smith v. State*, 453 So. 2d 388, 389 (Fla. 1984) ("Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack."). Challenges to the constitutionality of a statute are direct appeal claims that are procedurally barred in collateral proceedings. *Floyd v. State*, 808 So. 2d 175, 181 nn.8, 9 (Fla. 2002) (holding that defendant's challenge to the constitutionality of the death penalty statute was procedurally barred on collateral review because the issue could have been raised on direct appeal (*citing Harvey v. Dugger*, 656 So. 2d 1253 (Fla. 1995)).

The state court's imposition of Florida's procedural bar is adequate to support its judgment. *See LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1260 (11th Cir. 2005) (holding that because the Florida prisoner did not raise his claim on direct appeal, "the State 3.850 Court's refusal to consider" the claim because it was procedurally barred "rested on an independent and adequate state ground that precludes federal habeas consideration of this issue."); *see also id*. n.25 ("This Court has already concluded that the procedural requirements of Florida's Rule 3.850 constitute independent and adequate state grounds under the applicable law." (*citing Whiddon v. Dugger*, 894 F.2d 1266, 1267-68 (11th Cir. 1990))).

Petitioner fares no better by focusing on his state habeas proceeding. The circuit court rejected petitioner's claims on the independent state procedural ground that they were raised in an unauthorized manner and procedurally barred. (Ex. S). In Florida, "[h]abeas corpus is not a vehicle for obtaining additional appeals of issues which were raised or should have been raised on direct appeal, or which could have been, should have been, or were raised in post-conviction proceedings." *Zuluaga*, 32 So.3d at 676-677 (*citing Breedlove v. Singletary*, 595 So.2d 8, 10 (Fla. 1992); *Mills v. Dugger*, 514 So.2d 63 (Fla. 1990); *Robbins v. State*, 564 So. 2d 256 (Fla. 1st DCA 1999)). The state court's imposition of Florida's procedural bar is adequate to

support its judgment. *See Coleman*, 501 U.S. at 734-35 (holding that federal habeas court will consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default); *see, e.g., Medina v. Singletary*, 59 F.3d 1095, 1111 (11th Cir. 1995) (holding that claim was procedurally defaulted from federal habeas review where petitioner raised it for the first time in a state habeas action and the state court held it was procedurally barred because it was a direct appeal issue).

Moreover, petitioner cut short his effort at exhaustion by not appealing the circuit court's adverse ruling. *See Boerckel*, 526 U.S. at 845 ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). Petitioner admits he did not appeal the denial of his habeas petition to the First DCA, explaining that there was "no mechanism to effectively appeal". (Doc. 1, p. 7). The circuit court's written order, however, explicitly advised petitioner of his right to appeal. (Ex. S, p. 2); *see also Sumler v. State*, 958 F. 2d 1001, 1002 (Fla. 1st DCA 2007) ("Florida law provides, '[a] final order of the circuit court granting or denying a petition for writ of habeas corpus is reviewable by appeal to the appropriate district court of appeal.'" (citations omitted)).

Finally, although petitioner references the motion for declaratory judgment filed in his appeal from the order dismissing his second Rule 3.850 motion; that motion did not challenge the constitutionality of Section 847.0135. (Ex. Y). Rather, the motion (improperly) sought a "declaratory judgement [sic] defining 'person' for the purposes of this case. . . ." (*Id*).

For all of the above reasons, petitioner's Ground One is procedurally defaulted. Petitioner makes none of the requisite showings to excuse his procedural default. Petitioner's procedural default bars federal habeas review of Ground One.

| Ground Two | "Plaintiff raises due process entrapment. Two prongs of test are whether criminal design originates with officers and if accused is persuaded into the commission of act. Defendant meets both prongs as well as 5 prong specific entrapment test." (Doc. 1, p. 6). |
|---|---|

Petitioner claims his conviction violates due process because he was entrapped. Petitioner states he presented this claim to the state court in his habeas petition. (Doc. 1, p. 7). Respondent asserts the claim is waived by petitioner's plea and, in any event, procedurally defaulted because the state circuit court rejected the claim on the independent and adequate state procedural ground that it was not cognizable on habeas review – a ruling petitioner did not appeal. (Doc. 22, pp. 24-27).

A.   Waiver

Petitioner's claim that he was entrapped is a nonjurisdictional challenge to his conviction that does not undermine the voluntary or intelligent character of his plea. Petitioner relinquished his right to claim he was entrapped when he entered his knowing and voluntary plea.   Petitioner's waiver absolutely and independently precludes federal habeas review as to this claim.  *See Tollett*, 411 U.S. at 267; *Scott*, 698 F.2d at 429; *United States v. Matthews*, 168 F.3d 1234, 1242 (11th Cir. 1999) ("[B]y accepting a guilty plea[,] a defendant waives all non-jurisdictional defenses.").

B.   Procedural Default

Even if not waived, petitioner's claim of entrapment is procedurally defaulted. Petitioner did not move to withdraw his plea or take a direct appeal from his criminal judgment, and was unsuccessful in obtaining a belated direct appeal.  (Exs. P, Q). The first and only time petitioner presented his claim of entrapment was in his state habeas petition as "Ground Three".  (Ex. R).  Petitioner did not, however, assert any violation of his rights under the United States Constitution – only Florida law.  (*Id.*, pp. 4-5).  Regardless, the state circuit court denied relief on the independent and adequate state procedural ground that habeas relief was unauthorized because the

issue was a direct appeal issue.  (Ex. S, pp. 1-2).  Petitioner did not appeal this adverse ruling.  The claim is therefore procedurally defaulted for the reasons discussed above.  *See* discussion *supra* Ground One.  Petitioner makes none of the requisite showings to excuse his procedural default.  Petitioner's waiver and procedural default bar federal habeas review of Ground Two.

Ground Three          "<u>Plaintiff raises that he was convicted for a crime he could not have been convicted of as a matter of law.  Statute requires direct solicitation of minor, but all contact was through 'parental guardian' as under subsection (b).  Plaintiff was convicted under subsection (A).</u>"  (Doc. 1, p. 8).

Petitioner challenges his plea to Count I (traveling to engage in sexual activity with a minor) on the ground that the docket sheet in his criminal case reflects that he was charged and convicted under Section 847.0135(4)(a), Florida Statutes, when in fact his conduct fell within Section 847.0135(4)(b), not (a).  Section 847.0135(4) provides:

> (4) Traveling to meet a minor. – Any person who travels any distance either within this state, to this state, or from this state by any means, who attempts to do so, or who causes another to do so or to attempt to do so for the purpose of engaging in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child or with another person believed by the person to be a child after using a computer online service, Internet service, local bulletin board service, or any other device capable of electronic data storage or transmission to:

(a) Seduce, solicit, lure, or entice or attempt to seduce, solicit, lure, or entice a child or another person believed by the person to be a child, to engage in any illegal act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in other unlawful sexual conduct with a child; or

(b) Solicit, lure, or entice or attempt to solicit, lure, or entice a parent, legal guardian, or custodian of a child or a person believed to be a parent, legal guardian, or custodian of a child to consent to the participation of such child in any act described in chapter 794, chapter 800, or chapter 827, or to otherwise engage in any sexual conduct,

commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Fla. Stat. § 847.0135(4). Petitioner states he presented this claim to the state courts in his second Rule 3.850 motion, which was dismissed as successive on July 14, 2015. (Doc. 1, p. 9).

Respondent asserts three defenses: (1) this claim is not cognizable on federal habeas review because it presents a purely state law issue; (2) this claim is waived by petitioner's plea; and (3) this claim is procedurally defaulted because the state circuit court rejected it on the independent and adequate state procedural ground that it was barred by Florida's prohibition on second or successive Rule 3.850 motions. (Doc. 22, pp. 27-31). Even assuming to petitioner's benefit (without deciding) that his claim raises an issue of constitutional dimension, federal habeas review is unavailable because the claim is waived and procedurally defaulted.

A.    Waiver

Petitioner's claim that his docketing sheet reflects the wrong statutory subsection for his conviction (or that he was convicted of an offense he did not commit and that was not charged) is a nonjurisdictional challenge that he waived by knowingly and voluntarily entering his no contest plea. *Tollett*, *supra*; *Scott*, *supra*.

B.    Procedural Default

Even if not waived, petitioner's claim is procedurally defaulted. Petitioner raised this claim for the first time in his second Rule 3.850 motion. (Ex. U). The state circuit court dismissed the motion, explaining:

> In the instant Amended Second Motion, the Defendant argues that his trial counsel was ineffective and that his plea was involuntary. He asserts that he was improperly charged and convicted pursuant to sections 847.0135(3)(a) and 847.0135(4)(a), Florida Statutes, which involve direct contact with the minor victim, and claims that he instead should have been charged under sections 847.0135(3)(b) and 847.0135(4)(b), which involve contact with the minor victim's parent, guardian, or custodian. For support, he alleges that he initiated contact over the Internet with a law enforcement officer who was "posing as a father." According to the Defendant his counsel was ineffective for "failure to challenge the charging information" with its alleged "fundamental error," which led to his "misadvised plea."
>
> The court finds that the Defendant's Amended Second Motion is subject to dismissal as an impermissible successive motion under Rule 3.850(h)(2):

> A second or successive motion is an extraordinary pleading. Accordingly, a court may dismiss a second or successive motion if the court finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the defendant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure or there was no good cause for the failure of the defendant or defendant's counsel to have asserted those grounds in a prior motion. [. . .]
>
> In the instant case, the Court finds that there is no good cause for the Defendant's failure to raise in his prior August 6, 2014 Motion for Postconviction Relief his claim of ineffective assistance of counsel and involuntariness of plea stemming from alleg[edly] being improperly charged and convicted pursuant to section 847.0135(3)(a) and 847.0135(4)(a), Florida Statutes. *See* August 6, 2014 Motion for Postconviction Relief; Order Denying Motion for Postconviction Relief. Plainly, this claim could or should have been raised in his prior August 6, 2014 Motion for Postconviction Relief. *See id*. As a result, his claim is procedurally barred and the instant Amended Second Motion is due to be dismissed under Rule 3.850(h)(2).

(Ex. V). The First DCA summarily affirmed. (Ex. Z).

Florida law and the circumstances of this case make it likely, if not certain, that the First DCA rejected petitioner's claim on the independent and adequate state procedural ground imposed by the lower court – the claim was barred by Florida's prohibition on successive postconviction motions. The state court's imposition of Florida's procedural bar is adequate to support its judgment. *See Jennings v.*

*McDonough*, 490 F.3d 1230, 1247-48 (11th Cir. 2007) (holding that state court's conclusion that petitioner's claims were procedurally barred by Florida's rule against successive postconviction motions was a state law ground independent of the federal question and adequate to support the state court's judgment, thereby rendering the claims procedurally defaulted on federal habeas review). Petitioner's claim is procedurally defaulted from habeas review.

Petitioner attempts to show cause for his default by asserting: "I was unable to find this error until provided record on appeal, which indicated conviction under subsection (A). Charging documents failed to specify, as did sentencing documents. Only the docketing statement specified subsection charged." (Doc. 1, p. 8). Petitioner's failure to earlier request a copy of the docketing sheet in his criminal case is not an external impediment that prevented him from timely and properly presenting his claim to the state court. The docketing sheet was readily available at any time.

Petitioner also cannot establish prejudice to overcome his procedural default. The undersigned reviewed the Bay County Sheriff's Office Offense/Incident Report (Ex. Y, p. 13); the Pensacola Police Department (PPD) Offense Report (Ex. T, pp. 11-13); the Affidavit-Complaint and arrest report (Ex. A); the information and

amendments (Ex. B); petitioner's plea form (Ex. F); the plea hearing transcript (Ex.

G); and petitioner's judgment (Ex. I).   The Affidavit-Complaint and judgment

identify the statute under which petitioner was charged and convicted as "847.0135".

(Ex. A; Ex. I).   The BCSO Offense Report and the original, amended and second

amended informations all identify the statutory section petitioner violated in Count

I as "847.0135(4)".   (Ex. Y, p. 13; Ex. B).   The PPD Offense report, the plea form,

and the plea hearing transcript do not identify the statute by number.   (Ex. T, pp. 11-

13; Ex. F; Ex. G).   The only place subsection 847.0135(4)(a) appears in the record

is on the docket sheet, which has no legal effect and which was never referenced in

any pretrial proceedings or in the plea proceeding itself.   Importantly, petitioner does

not allege any connection between the scrivener's error on the docket sheet and the

knowing and voluntary nature of his plea.   Petitioner's plea admitted to the crimes

described and charged in the second amended information, as supported by the facts

contained in the Affidavit-Complaint.   The acts set out in the information and

Affidavit-Complaint satisfy the elements of traveling to meet a minor to commit an

unlawful sex act in violation of Section 847.0135(4).   No document having any legal

effect makes reference to subsection (a).   Petitioner's failure to establish cause and

prejudice raises an additional conclusive bar to federal habeas review of Ground Three.

Ground Four          "Plaintiff alleges ineffective assistance of counsel due to failure to raise unconstitutionality of statute, failure to raise or prepare entrapment defense, and affirmative misadvice to plea to charge which he could not have been convicted."  (Doc. 1, p. 10).

Petitioner's final claim alleges three instances of ineffective assistance of counsel, all of which are based on counsel's failure to raise the substantive challenges discussed in Grounds One through Three above.  Petitioner states he presented these grounds in his first and second Rule 3.850 proceedings, and in his state habeas proceeding.  (Doc. 1, pp. 10-11).  Respondent asserts that petitioner's first IAC ground is without merit; and that the second and third IAC grounds are waived by petitioner's plea, procedurally defaulted and, in any event, without merit. (Doc. 22, pp. 34-52).

Sub-Claim A          "[F]ailure to raise unconstitutionality of statute[.]"

Petitioner faults counsel for failing to challenge the constitutionality of Section 847.0135.  Petitioner does not identify the basis of his proposed constitutional challenge, although construing the petition as a whole, the basis appears to be the constitutional grounds articulated in Ground One above.

Respondent asserts petitioner is not entitled to habeas relief, because the state court's rejection of this claim was neither contrary to, nor an unreasonable application of, clearly established Federal law.  (Doc. 22, pp. 34-40).

A.    Clearly Established Federal Law

The two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), applies to claims that counsel was ineffective during the plea process.  *Hill v. Lockhart*, 474 U.S. 52, 48, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) (applying *Strickland*'s two-part test to defendant's challenge to his guilty plea based on ineffective assistance of counsel).  The petitioner must establish that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Trial counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  The burden to overcome that presumption and to show that counsel's performance was deficient "rests squarely on the defendant."  *Burt v. Titlow*, 571 U.S. —, 134 S. Ct. 10, 17, 187 L. Ed. 2d 348 (2013).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Richter*, 562 U.S. at 105. As the Court in *Richter* explained:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Id.* at 105 (citations omitted).

    B.    Section 2254 Review of State Court's Decision

Petitioner's amended Rule 3.850 motion filed in his first postconviction proceeding claimed as "Ground B" that trial counsel was ineffective in various respects. (Ex. M, pp. 23-26). In a single sentence within "Ground B", petitioner alleged trial counsel "could have challenged the constitutionality of the statute, as applied in my case." (Ex. M, p. 26) (emphasis added). The state circuit court denied relief on Ground B, and addressed this particular issue as follows:

> In Ground B, Defendant asserts his counsel was ineffective and alleges different claims in support of this ground.  Defendant claims that given proper performance of counsel, he would have received a lesser sentence or been acquitted. . . . Fifth, Defendant claims his counsel could have challenged jurisdiction and unconstitutionality of the statute.   Because Defendant's claims regarding jurisdiction and unconstitutionality of the statute are without merit, his counsel's failure to argue those claims was not error.  *Owen v. State*, 986 So. 2d 534 (Fla. 2008).

(Ex. N, pp. 50-51).  Because Section 847.0135, Florida Statutes, was not at issue in *Owen, supra*, the court appears to have relied on *Owen* for its statement: "Allegations that counsel was ineffective for not pursuing meritless arguments are legally insufficient to state a claim for postconviction relief."  *Owen* at 543 (citation omitted).  The First DCA summarily affirmed the denial of postconviction relief. (Ex. O).

The relevant decision for purposes of 28 U.S.C. § 2254, is the First DCA's summary affirmance which is the final state court adjudication on the merits of petitioner's claim.  *See Richter*, 562 U.S. at 99-100; *Wilson v. Warden, Ga. Diagnostic Prison*, 834 F.3d 1227, 1235 (11th Cir. 2016) (defining the relevant decision for purposes of § 2254 review as the state appellate court's summary affirmance of the lower tribunal's decision), *cert. granted*, No. 16-6855, 2017 WL 737820 (U.S. Feb. 27, 2017).  Where, as here, "the last adjudication on the merits

provides no reasoned opinion, federal courts review that decision using the test announced in *Richter*." *Wilson*, 834 F.3d at 1235. *Richter* allows habeas relief only when "there was no reasonable basis for the state court to deny relief." *Richter,* 562 U.S. at 98. "[A] habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court." *Id.* at 102.

The First DCA reasonably could have concluded that petitioner failed to establish deficient performance under *Strickland*, because a reasonable attorney in the circumstances could have decided that a constitutional challenge on the basis petitioner proposes lacked merit. *See Simmons v. State*, 944 So. 2d 317, 334 (Fla. 2006) (holding that Section 847.0135, Florida Statutes, did not violate the Dormant Commerce Clause); *see also Lane v. State*, 388 So. 2d 1022, 1028 (Fla. 1980) ("A person who commits a crime partly in one state and partly in another state may be tried in either state under the sixth amendment of the United States Constitution."); *State v. Ruiz*, 909 So. 2d 986 (Fla. 5th DCA 2005) (holding that State of Florida had subject matter jurisdiction to prosecute defendant for crime of computer

pornography even though defendant solicited victim from out of state); *see also Waters v. Thomas*, 46 F.3d 1506, 1518 (11th Cir. 1995) ("The test for ineffectiveness is not whether counsel could have done more; perfection is not required.  Nor is the test whether the best criminal defense attorneys might have done more.  Instead, the test is whether some reasonable attorney could have acted, in the circumstances, as [defense counsel] did. . . .); *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994) ("[N]o relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so.").  Because it is not clear that the First DCA erred at all much less erred so transparently that no fairminded jurist could agree with that court's decision," *Bobby v. Dixon*, 565 U.S. 23, 24, 132 S. Ct. 26, 181 L. Ed. 2d 328 (2011), petitioner is not entitled to federal habeas relief.

> Sub-Claim B          "[F]ailure to raise or prepare entrapment defense[.]"
>
> Sub-Claim C          "[A]ffirmative misadvice to plea to charge which he could not have been convicted."

Petitioner's final two sub-claims complain that counsel failed to "raise or prepare" an entrapment defense and that counsel misadvised petitioner to plead to a charge under subsection (a) of Section 847.0135, Florida Statutes, when his conduct did not fall within that subsection.  (Doc. 1, p. 6; Doc. 2, p. 16).  Respondent asserts

these sub-claims are waived by petitioner's plea and are also procedurally defaulted. (Doc. 22, pp. 40-48).

### A.    Waiver

In *Arvelo v. Sec'y, Fla. Dep't of Corr.*, 788 F.3d 1345 (11th Cir. 2015), the Eleventh Circuit discussed waiver of an ineffective assistance claim in the plea context.  Mr. Arvelo claimed his trial counsel was ineffective for failing to pursue a motion to suppress his confession prior to his entering a no contest plea.  788 F.3d at 1347-48.  Arvelo alleged that counsel's performance affected his decision to enter the plea, because the evidence forming the basis of the proposed motion to suppress (Arvelo's confession obtained in violation of *Miranda*) was the only piece of evidence supporting his conviction.  *Id.* at 1349.  The state court determined Mr. Arvelo waived the ineffective assistance claim by entering his plea.  The Eleventh Circuit rejected that determination, explaining:

> To begin, we have little difficulty concluding that the state court misapplied binding Supreme Court precedent.  Contrary to the state court's decision, the Supreme Court has expressly held that a defendant does not waive an ineffective assistance of counsel claim simply by entering a plea.  Instead, because "voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases," courts must continue to apply the familiar two-part test provided by *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).  *Hill v. Lockhart*, 474 U.S. 52, 56-57, 106 S. Ct. 366, 369-70 (1985) (quotation omitted).  Therefore, we

decide (1) whether counsel's representation fell below an objective level of reasonableness, and (2) if so, whether a defendant suffered prejudice as a result. *Id.* at 57, 106 S. Ct. at 369.

In cases like this one, where a petitioner faults his lawyer for failing to pursue a motion to suppress prior to entering a plea, both the deficient performance and prejudice prongs of *Strickland* turn on the viability of the motion to suppress. This is because a lawyer's performance only falls outside the range of competence demanded of counsel if she did not pursue a motion to suppress that would have affected the outcome of the case had the defendant rejected the plea and proceeded to trial. *Premo v. Moore*, 562 U.S. 115, 124, 131 S. Ct. 733, 741 (2011) (addressing *Strickland*'s performance prong and stating that the relevant question was whether "no competent attorney would think a motion to suppress would have failed"); *Lynch v. Sec'y, Fla. Dep't of Corr.*, 776 F.3d 1209, 1219 n. 6 (11th Cir.2015) ("*Hill* makes clear that the prejudice inquiry in a case like this turns largely on an assessment of whether the defense likely would have changed the outcome at trial.").

We recognize that in deciding whether to enter a plea, defense lawyers carefully balance both "opportunities and risks" without fully knowing the strength of the State's case. *Moore*, 562 U.S. at 124, 131 S. Ct. at 741. Therefore, we must, as we do for all *Strickland* claims, afford "substantial deference" to a lawyer's strategic choices. *Id.* at 126, 131 S. Ct. at 742. But because ineffective assistance of counsel claims are not waived by entering a plea, the state court's failure to consider those strategic choices at all was contrary to clearly established federal law.

*Id.* at 1348.

*Arvelo* is arguably distinguishable from this case, because petitioner here does

not contend, much less explain how, counsel's alleged deficiencies affected the

voluntary and knowing character of his plea to the offenses as they were charged. (*See* Doc. 1, p. 10; Doc. 2, p. 16).  The Eleventh Circuit has found waiver in a similar circumstance – where a petitioner's ineffective assistance claim was unaccompanied by allegations implicating the voluntariness of his plea.  *See, e.g., Bullard v. Warden, Jenkins Corr. Center*, 610 F. App'x 821, 824 (11th Cir. 2015) ("Here Mr. Bullard does not contend that his plea was involuntary due to his counsel's failure to file a motion to suppress, so the ineffectiveness claim is waived by the plea.").[6]  At petitioner's plea hearing, petitioner affirmed under oath that (1) he had adequate time to discuss with trial counsel the facts of his case and his decision to plead no contest, (2) he asked counsel all the questions he desired and (3) he was satisfied with counsel's services.  (Ex. G, pp. 12-13).  Thus, a valid basis exists to conclude that petitioner's ineffective assistance claims asserted in Sub-Claims B and C are waived by his no contest plea.

B.    Procedural Default

Respondent's second defense is that petitioner procedurally defaulted these grounds of ineffective assistance because he did not present them to the state courts

---

[6]The undersigned cites *Bullard* only as persuasive authority and recognizes that the opinion is not considered binding precedent.  *See* 11th Cir. R. 36-2.

at all, and is now procedurally barred from doing so.  (Doc. 22, p. 41-43, 46-48).

The undersigned has reviewed all of petitioner's state postconviction pleadings, and

finds that petitioner did not present these two grounds of ineffective assistance in

any state court proceeding.  (Exs. M, R, U).  Petitioner's state postconviction

pleadings raised the underlying substantive claims that petitioner was entrapped and

wrongly convicted under subsection (a) of Section 847.0135(4); however, petitioner

did not argue that counsel was ineffective for failing to raise the issues.

A habeas petitioner does not satisfy the exhaustion requirement merely by

presenting the state court with all the facts necessary to support his claim, or by

presenting a somewhat similar claim.  *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d

1317, 1343-44 (11th Cir. 2004).  "The petitioner must present his claims to the state

courts such that they are permitted the 'opportunity to apply controlling legal

principles to the facts bearing upon (his) constitutional claim.'"  *Id*. at 1344 (*quoting*

*Picard*, 404 U.S. at 277).  Petitioner's substantive challenges to his convictions

discussed in Grounds Two and Three above, are not the same as Sixth Amendment

ineffective assistance of counsel claims, even if the latter are based on counsel's

failure to raise the substantive challenges.  The two are separate and distinct for

purposes of satisfying AEDPA's exhaustion requirement.  *Pietri v. Fla. Dep't of*

*Corr.*, 641 F.3d 1276, 1289 (11th Cir. 2011) (holding that federal habeas petitioner's substantive judicial bias claim was not the same claim as his ineffective assistance of appellate counsel claim based on counsel's failure to raise the substantive claim; the two claims were "separate and distinct" for purposes of the federal habeas exhaustion requirement) (*citing LeCroy*, 421 F.3d at 1260 n. 24 (noting that substantive claim was "separate and distinct" from ineffective assistance claim based on substantive claim)); *Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994) (holding that ineffective assistance claim based on counsel's failure to object to jury instruction was not the same as substantive due process claim challenging the trial court's giving of that instruction).  Moreover, because *Arvelo*, *supra*, recognizes that ineffective assistance of counsel is a separate claim, not necessarily waived by a plea, logic dictates that exhaustion must apply equally to this separate claim, as it would to the underlying substantive claim.  So, while the ubiquitous claim of ineffective assistance can sometimes debar the finality of a plea, such claim may well be short-lived, as it is here.

Petitioner is barred by state procedural rules from returning to state court to exhaust his claims.  *See* Fla. R. Crim. P. 3.850(b) (imposing time limitation), (h) (imposing bar on successive motions); *see also LeCroy*, 421 F.3d at 1260 n. 25

(stating that the Eleventh Circuit has "already concluded that the procedural requirements of Florida's Rule 3.850 constitute independent and adequate state grounds under the applicable law." (*citing Whiddon*, 894 F.2d at 1267-68)). Petitioner's Sub-Claims B and C are procedurally defaulted from habeas review. Petitioner makes none of the requisite showings to excuse his procedural default. Petitioner's procedural default bars review of Sub-Claims B and C.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El*, 537 U.S. at 336 (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the

district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774, 197 L. Ed. 2d 1 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

Petitioner's request that respondent's answer be stricken as untimely and that her procedural defenses be deemed waived (docs. 24, 25) is DENIED.

And it is respectfully RECOMMENDED:

1.  That the petition for writ of habeas corpus (doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Nathan Lee Wilkins*, Bay County Circuit Court Case No. 2012-CF-1952, be DENIED.

2.  That the clerk be directed to close the file.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 13th day of November, 2017.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.